UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:03-cr-0142-LJM-DKL |
| | ) | |
| CARLOS ESPARZA, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On Mary 6, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on February 23, 2015. Defendant Esparza appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Matthew Rinka, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Shelly McKee.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Esparza of his rights and provided him with a copy of the petition. Defendant Esparza waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Esparza admitted violations 1, 2, 3, and 5. [Docket No. 21.] Government orally moved to dismiss violation 4 and the Court granted the same.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation**
**Number**       **Nature of Noncompliance**

1  **"The defendant shall refrain from any unlawful use of a controlled substance."**

   On October 8, 2014, Mr. Esparza provided a urine specimen which tested positive for morphine. He could not provide a prescription or medical documentation to validate the result.

   As previously reported to the Court, on July 21, 2012, Mr. Esparza provided a urine specimen which tested positive for opiates; however, no medication was indicated on the chain of custody form. Mr. Esparza admitted taking pain medication and a Xanax that were not prescribed to him. He signed an admission report of positive urinalysis. A subsequent drug test collected on August 6, 2012, tested negative. On October 21, and November 1, 2012, Mr. Esparza provided urine specimens which tested positive for opiates; however, no medications were indicated on the chain of custody forms. On January 8, 2013, Mr. Esparza provided a urine specimen which tested positive for cocaine. He signed an admission report of positive urinalysis.

   On June 5, 2013, Mr. Esparza provided a urine specimen which confirmed positive for cocaine and morphine. A subsequent drug screen collected June 19, 2013, tested negative. One June 12, 2014, Mr. Esparza provided a urine specimen which tested positive for marijuana. He admitted smoking the substance.

2  **"The defendant shall participate in a program of testing and/or treatment for substance abuse as directed by the probation officer."**

   Mr. Esparza failed to report for scheduled drug screens on August 23, 27, 30, October 4, November 15, 17, and 26, and December 15, 27, and 29, 2014. In addition, he has failed to report for any drug screens during the months of January and February 2015. On November 19, 2014, Mr. Esparza provided a urine specimen which tested "diluted."

   Mr. Esparza failed to attend substance abuse treatment sessions during the months of November and December 2014, and January and February, 2015.

   As previously reported to the Court, Mr. Esparza failed to attend a scheduled individual substance abuse counseling appointment on July 26, 2012, and July 28, 2014. In addition, he failed to report for random drug screens on August 6, September 14, 2012, May 5 and 7, 2013, July 12, 14, 19, and 23, 2014.

| 3 | **"The defendant shall not commit another federal, state, or local crime."** |
|---|---|

As previously reported to the Court, on January 5, 2013, Mr. Esparza was arrested for the offense of Count 1, Operating a Vehicle While Intoxicated, Ct. 2, Operating a Vehicle with a BAC of More than .08% but less than .15% and Count 3, Driving While License Suspended. This case was file din Marion County Superior Court under Cause Number 49-F10-1301-CM-001365. On July 9, 2013, Mr. Esparza pled guilty to Count 1, Operating a Vehicle with a BAC of More than .08% but less than .15%, a misdemeanor, and was sentenced to 60 days jail, 40 suspended, and 180 days probation.

| 5 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
|---|---|

On January 16, 2015, a note was left on the door at Mr. Esparza's residence instructing him to report to the probation office on January 20, 2015. He failed to report. On January 29, 2015, a voice message was left on Mr. Esparza's cellular telephone instructing him to report to the probation office on January 30, 2015. He failed to report. On February 13, 2015, a note was left on the door at Mr. Esparza's residence instructing him to report to the probation office on February 17, 2015. He failed to report.

4. The parties stipulated that:

(a) The highest grade of violation is a Grade B violation.

(b) Defendant's criminal history category is V.

(c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months' imprisonment.

5. The parties jointly recommended a sentence of twelve (12) months in the custody of the Attorney General. Upon release, Defendant Esparza is to continue on previously imposed conditions of supervised release for a period of five years. Defendant Esparza asked for a recommendation of placement at FCI Terre Haute.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the

Attorney General or his designee for a period of twelve (12) months, followed by five (5) years of supervised release. The Court recommends placement at FCI Terre Haute. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 05/13/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email
generated by the court's ECF system

United States Probation Office, United States Marshal